UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. SEITZ,<br><br>Plaintiff,<br><br>vs.<br><br>KANSAS CITY PUBLIC SCHOOLS, THE SCHOOL DISTRICT OF KANSAS CITY 33,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The School District of Kansas City 33 d/b/a Kansas City Public Schools ("KCPS"), by and through counsel, as and for its Notice of Removal of this action to the United States District Court for the Western District of Missouri, states as follows:

1. A civil action (hereinafter, the "State Court Action") has been brought in the Circuit Court of Jackson County, Missouri, entitled *Robert E. Seitz v. Kansas City Public Schools, The School District of Kansas City 33*, Case No. 2616-CV30153.

2. All records and proceedings from the State Court Action are annexed hereto collectively as Exhibit A.

3. The State Court Action is an action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. The parties are completely diverse because they are citizens of different states.

5. Plaintiff is domiciled in, and a citizen of, the State of Kansas.

6. KCPS is a Missouri political subdivision domiciled in, and a citizen of, the State of Missouri. *See* Ex. A, Petition at ¶ 3.

7. The jurisdictional amount is satisfied because the pleading alleges the breach of an employment contract with an annual salary of $152,339.04, which is more than $75,000, exclusive of interest and costs, and the pleading expressly demands damages "in excess of $100,000…." *See* Exhibit A, Petition, at ¶ 10, WHEREFORE clauses. Furthermore, the pleading alleges discrimination under the Missouri Human Rights Act and damages for back pay, future losses, emotional pain, and attorney fees. *Id.* at ¶ 44, WHEREFORE clauses. Plaintiff's express demands in the pleading for alleged lost compensation based on the alleged value of his contract, and the potential availability of statutory attorney fees, independently and jointly satisfy the amount in controversy. It cannot be shown to a legal certainty that the amount in controversy cannot be satisfied. *Williamson v. Wyndham Vacation Ownership, Inc.*, No. 6:19-03089-CV-RK, 2019 WL 1988664, at *3 (W.D. Mo. May 6, 2019).

8. As of the time of this removal, KCPS has not been served with process in the State Court Action.

9. Under the plain language of Section 1441(b), KCPS is therefore entitled to remove the State Court Action on the basis of diversity jurisdiction prior to receiving service. The forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) plainly states that an action "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added).

10. Federal appellate courts that have addressed the issue have held that the forum-defendant rule is inapplicable to such snap removals where a forum defendant has not been served. *See, e.g., Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018)

(interpreting Section 1441(b)(2) as authorizing the snap removal exception "because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary").

11. Although the Eighth Circuit has not expressly authorized snap removals, it has declined the opportunity to reject snap removals when presented with the issue. *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023). Rather, the Eighth Circuit reaffirmed that the forum-defendant rule is not jurisdictional and held that to remove there must be complete diversity between the parties. *Id.* Because there is complete diversity here and because snap removal is not jurisdictional, removal by KCPS is proper and not barred by the forum-defendant rule.

12. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jackson County, Missouri, with written notice to the Plaintiff.

13. Pursuant to Local Rule 3.2(a).1.A., KCPS brings this matter in the Court's Western division.

WHEREFORE, Defendant Kansas City Public Schools removes this action to the United States District Court for the Western District of Missouri.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: /s/ *Kevin W. Prewitt*

Tyson H. Ketchum #50426
Kevin W. Prewitt #66161
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (Facsimile)
tketchum@atllp.com
kprewitt@atllp.com

ATTORNEYS FOR DEFENDANT
KANSAS CITY PUBLIC SCHOOLS