The information available on Case.net is provided as a service and is not considered an official court record.

Case.net:2616-CV30153 - EMPLOYMENT (E-CASE) - Docket Entries

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending **Display options:** All Entries

**08/27/2026**

**Filing Info Sheet eFiling**

**Filed By:** STEPHEN D LANTERMAN

**Pet Filed in Circuit Ct**

Petition.

**Filed By:** STEPHEN D LANTERMAN



EXHIBIT A

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

Stephen D. Lanterman, MO #64278
SLOAN, EISENBARTH, GLASSMAN,
MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Ave., Suite 1000
Topeka, KS 66603-3456
Office: (785) 357-6311
Fax: (785) 357-0152
slanterman@sloanlawfirm.com
ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**CIVIL DEPARTMENT**

| | |
|---|---|
| ROBERT E. SEITZ,<br><br>Plaintiff,<br><br>v.<br><br>KANSAS CITY PUBLIC SCHOOLS, THE SCHOOL DISTRICT OF KANSAS CITY 33,<br><br>Defendant. | Case No. 2026-CV-__________ |

## PETITION

Plaintiff, Robert E. Seitz ("Mr. Seitz"), by and through his counsel of record, Stephen D. Lanterman of the firm of SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, L.L.C., and for his claims against the Defendant, Kansas City Public Schools, The School Direct of Kansas City 33 ("KCPS"), states and alleges as follows:

## PARTIES

1. Mr. Seitz is an individual who resided in Topeka, Kansas, who worked in the Kansas City Public School in Kansas City, Missouri.

2. At all times relevant to this Petition, the Mr. Seitz was an individual between the ages of 40 and 70.

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

3. Defendant Kansas City Public Schools is a school district with its principal place of business located at 2901 Troost Avenue, Kansas City, Missouri 64109. KCPS may be served with process through the Board of Education Building at 2907 Troost Ave., Kansas City, MO 64109.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter. The circuit courts have original jurisdiction over all cases and matters, civil, and criminal MO. Const. Art. V., § 14.

5. Venue is proper in Jackson County, Missouri, because the unlawful discriminatory practice alleged herein occurred in Jackson County, Missouri § 213.111 R.S.MO. (2017).

6. This Court has subject matter jurisdiction over the plaintiff's claims pursuant to Mo 213.055. The Plaintiff's claims were timely filed with the Missouri Human Rights Commission ("MHRC") an administrative charge encompassing the wrongful acts alleged in these actions. The Plaintiff received a right-to-sue letter from the MHRC and files this action within 90 days of receipt of that letter.

**FACTS**

7. At all times relevant to this Petition, the KCPS has more than Five Hundred total Employees.

8. KCPS employed Plaintiff as its Executive Director of Facilities and Construction pursuant to an employment contract commencing April 22, 2024, with a contract year ending June 30, 2025.

9. KCPS renewed Plaintiff's contract as Executive Director of Facilities and Construction from July 1, 2025, through June 30, 2026.

10. Under the employment contract, KCPS agreed to pay Plaintiff an annual salary of $152,339.04 ($2,929.60 per week), as well other benefits (additional employee incentives contributed or given to an employee of the Defendant in addition to their annual salary or wages, including, but not limited to, health insurance policies, life insurance policies, sick leave, vacation, disability policies, and retirement policies) in exchange for Plaintiff's performance of his duties.

11. The Employment Contract required that any termination for cause be based on one or more enumerated reasons, including conduct having annual or perceived adverse effect upon KCPS, neglect of duty, intentional or material breach of the Employment Contract, insubordination, or willful or persistent violation of or failure to comply with Board Policy, Administrative Policy, or directive of the Superintendent.

12. At all times during his employment, Plaintiff complied with Board policies, Administrative policies, and Directives of the Superintendent.

13. At that time, Plaintiff was among oldest employee managers in the Facilities and Construction department.

14. Plaintiff's duties and responsibilities included performing those duties and takes ordinarily understood to be required by his position as specified in the job description, including any action necessary for the successful completion of those duties and tasks, and performing such other further duties as designated by the Superintendent of Schools or her designee.



Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

15. From July 1, 2025, through mid-August 2025, Plaintiff diligently performed his duties as an Executive Director of Facilities and Construction.

16. Throughout his employment, Plaintiff managed multiple capital projects, COP projects, and summer construction and renovation projects at various KCPS facilities.

17. Plaintiff coordinated with contractors, architects, and KCPS administrators regarding projects scheduled budgets, and timelines.

18. In April and May 2025, Plaintiff communicated with Jordon Gordon, KCPS Chief Operating Officer, regarding the scheduling and board approval process for summer 2025 construction projects.

19. On or about May 8, 2025, Mr. Gordon sent Plaintiff an email organizing proposed summer projects and directing Plaintiff to bring certain COP bond Projects and capital projects and directing Plaintiff to bring certain COP bond projects and capital projects to the June or July Board meetings.

20. Plaintiff proceeded to coordinate with vendors, obtain pricing, and prepare board item submissions consistent with Mr. Gordon's directives.

21. On or about June 13, 2025, the KCPS Board of Directors approved Plaintiff's employment contract for the 2025-26 contract year.

22. In late June and early July, Plaintiff provided updates on summer construction projections to Mr. Gordon and Justine Usry, including start dates, completion dates, and contractor information.

23. On or about July 1, 2025, Usry sent Plaintiff an email stating that certain board items submitted by plaintiff, specifically the Southeast High School window work

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

and various controls upgrades were not aligned with the Operation Division's directives and that the current list was not approved to move forward.

24. Plaintiff responded the same day by referencing Mr. Gordon's May 8, 2025, email, explaining that all items had been brought forward at Mr. Gordon's direction and with his permission, and requesting a one-on-one meeting with Mr. Gordon to gain clarity regarding his role in bringing projects forward.

25. On July 10, 2025, Mr. Gordon requested that Plaintiff review the window and controls project with anticipated work schedules and completion dates.

26. Plaintiff responded by providing detailed projected start and end dates for the controls upgrade project and the Southeast High School window project.

27. Plaintiff explained that the controls upgrade project could begin on September 2, 2025, and be complete by September 30, 2025, and that the steel and masonry work on the windows could begin on September 2, 2025, and be complete by September 30, 2025, with window installation and painting completed by November 21, 2025.

28. Plaintiff further explained that the controls upgrade and window replacement work could be performed after school hours, on weekends, and during breaks without taking systems down or disrupting the learning environment.

29. Throughout late July 2025, Plaintiff continued to oversee summer roofing, carpet replacement, HVAC, and other construction projects at multiple KCPS schools.

30. At all times Plaintiff kept his supervisors and managers apprised of the progress on the projects he was overseeing.

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

31. On or about July 17, 2025, KCPS initiated an investigation into Plaintiff's compliance with Board of Administrate policies.

32. Plaintiff was surprised by this investigation as he had been in regular contact with this supervisor (Gordon) and had done as he was directed.

33. The investigation was not interactive but rather done through a series of written responses to questions. As such, Plaintiff was not provided the opportunity to find out the real issues being raised and to provide a follow-up response to the inquiry.

34. On or about August 15, 2025, KCPS, through Micah Enders, Executive Director of Human Resources, delivered to Plaintiff a letter terminating Plaintiff's employment and contract for cause, effective August 15, 2025.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

35. All of the above paragraphs are incorporated herein by reference as though fully set forth in this Petition.

36. Under Missouri law, it is an unlawful employment practice for an employer, because of the age of any individual, to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to is compensation, terms, conditions, or privileges of employment, but such individual's age § 213.055 R.S.Mo, (2017).

37. Plaintiff was within the protected age group at the time of his termination.

38. KCPS is an employer subject to the Missouri Human Rights Act.

39. Plaintiff was qualified for his position as Executive Director of Facilities and Construction and performed his duties in accordance with KCPS's expectations.

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

40. The decision to discipline and terminate the plaintiff from this position was an adverse action motivated by improper factors, and that Plaintiff's age was a contributing factor that led to his termination.

41. That Plaintiff was under contract and would have continued to fulfill the terms of said contract had he not been wrongfully terminated in violation of the Missouri Human Rights Act.

42. KCPS's articulated reasons for Plaintiff's termination were pretextual and not the true reasons for his discharge.

43. That Plaintiff's position and job duties with KCPS were filled by an individual who was younger than Plaintiff.

44. As a direct and proximate result of KCPS's unlawful age discrimination, Plaintiff has suffered actual damages including back pay, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary damages.

WHEREFORE, Plaintiff prays for an injunction against the Defendant enjoining the Defendant and its employees from engaging in unlawful employment practices and for judgment against the Defendant for damages in excess of $100,000.00, consisting of back pay, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary damages, prejudgment interest, attorney fees, litigation expenses, and for such other further relief that the Court deems proper.

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

## COUNT II
## BREACH OF CONTRACT

45. All of the above paragraphs are incorporated herein by reference as though fully set forth in this Petition.

46. Plaintiff and KCPS entered into a valid and enforceable Employment Contract dated May 27, 2025, whereby KCPS agreed to employ Plaintiff as Executive Director of Facilities and Construction for the contract year of July 1, 2025, through June 30, 2026.

47. Under the employment contract, KCPS agreed to pay Plaintiff an annual salary of $152,339.04 and provide other benefits (additional employee incentives contributed or given to an employee of the Defendant in addition to their annual salary or wages, including, but not limited to, health insurance policies, life insurance policies, sick leave, vacation, disability policies, and retirement policies) in exchange for Plaintiff's performance of his duties.

48. The Employment Contract required that any termination for cause be based on one or more enumerated reasons, including conduct having annual or perceived adverse effect upon KCPS, neglect of duty, intentional or material breach of the Employment Contract, insubordination, or willful or persistent violation of or failure to comply with Board Policy, Administrative Policy, or directive of the Superintendent.

49. Plaintiff performed all obligations required of him under the Employment Contract.

50. At all times during his employment, Plaintiff complied with Board policies, administrative policies, and Directives of the Superintendent.

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

51. Plaintiff had an ongoing expectation that his contract would be renewed on annual basis by KCPS.

52. KCPS breached the Employment Contract by terminating Plaintiff's employment on August 15, 2025, without cause and without a valid basis.

53. As a direct and proximate result of KCPS's breach, Plaintiff has suffered damages including loss of salary, benefits, and other compensation he would have earned under the remaining term of the employment Contract through June 30, 2026.

WHEREFORE, Plaintiff prays for an injunction against the Defendant enjoining the Defendant and its employees from engaging in unlawful employment practices and for judgment against the Defendant for damages in excess of $100,000.00, consisting of consequential damages including back pay and financial losses, benefits, future pecuniary loss, prejudgment interest, litigation expenses, and for such other further relief that the Court deems proper.

**COUNT III**
**WRONGFUL TERMINATION**

54. All of the above paragraphs are incorporated herein by reference as though fully set forth in this Petition.

55. In violation of the laws of the State of Missouri, Defendant intentionally discriminated against Plaintiff by treating him differently and ultimately terminating his employment.

56. As a result of KCPS' intentional and discriminatory actions with culminated in the termination of Plaintiff's employment, Plaintiff has suffered damages in the form of economic losses of past and future compensation and benefits, as well as emotional distress, mental anguish, and loss of enjoyment of life.

Electronically Filed - Jackson - Kansas City - August 27, 2026 - 09:17 AM

WHEREFORE, Plaintiff prays for an injunction against the Defendant enjoining the Defendant and its employees from engaging in unlawful employment practices and for judgment against the Defendant for damages consisting of back pay, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary damages, prejudgment interest, attorney fees, litigation expenses, and for such other further relief that the Court deems proper.

**REQUEST FOR TRIAL BY JURY**

Pursuant to R.S. Mo. 534.160, the plaintiff requests a trial by jury on all claims triable to a jury.

Respectfully submitted by:

SLOAN, EISENBARTH, GLASSMAN,
MCENTIRE & JARBOE, L.L.C.
534 S. Kansas Ave., Suite 1000
Topeka, KS 66603-3456
Office: (785) 357-6311
Fax: (785) 357-0152

/s/ Stephen D. Lanterman
Stephen D. Lanterman, MO #64278
slanterman@sloanlawfirm.com
**ATTORNEYS FOR PLAINTIFF**